[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
As a result of a collision between vehicles operated by the plaintiff and the defendant in the intersection of Maple Street and North Avenue at approximately 7:48 a.m. in Milford, Connecticut, the plaintiff brought this lawsuit seeking compensation for injuries which she alleges she sustained as a proximate result of defendant's negligence. The plaintiff asserts in her complaint that the defendant operator was negligent and careless committing violations of both statutory and common law. She charges the defendant operator with failure to stop at a stop sign in violation of § 14-301 (c) and failing to yield the right of way to plaintiff in violation of § 14-245 and with the common law delicts of unreasonable speed, inattention and failure to keep a proper lookout, untimely application of his CT Page 5042 brakes, failure to keep and operate his motor vehicle under reasonable control, failure to sound his horn and failure to avoid the collision.
The defendant denied plaintiff's allegations of negligence and pleaded specially that the plaintiff herself was negligent which negligence contributed to and was a substantial factor in producing plaintiff's injuries or losses.
Both parties testified and were in essential agreement that the incident giving rise to this lawsuit occurred on June 25, 1996 at approximately 7:48 a.m. At that time the weather was clear and dry, visibility was good. The intersection of North and Maple Streets in Milford, Connecticut consisted of two lanes of traffic, one northbound and one southbound. The plaintiff was proceeding northbound on North Street at a speed of approximately 25 miles an hour en route to her work place at the Sikorsky Aircraft. The traffic was moderately heavy in both directions. The defendant was stopped at a stop sign on Maple Street which controls eastbound traffic on Maple Street at its intersection with North Street. Defendant operator intended to cross the intersection and to continue eastbound on Maple Street.
The collision occurred in the center of the intersection in the northbound lane. The plaintiff did not see the defendant's vehicle until shortly before the impact occurred. Defendant entered the intersection at a low rate of speed but did not observe plaintiffs vehicle until the impact occurred. Defendant's passenger observed plaintiff's vehicle momentarily before the impact. The court finds that the proximate cause of the collision was the failure on the part of the defendant to conform to the requirements of the stop sign statute § 14-301 (c); although defendant stopped in obedience to the stop sign controlling the entrance to North Street, he did not yield the right of way to plaintiff's vehicle which was not obliged to stop and which was either in the intersection or approaching so closely to the intersection as to cause an immediate hazzard.
The plaintiff first saw the defendant's car shortly before the impact. Plaintiff was concentrating her vision on northbound and southbound traffic. The court finds plaintiff had her vehicle under proper and reasonable control as she entered the intersection, maintained a reasonable rate of speed and was keeping a reasonable lookout and exercised reasonable care to avoid a collision in circumstances in which she had no time or CT Page 5043 opportunity to apply her brakes or to turn her vehicle to avoid the collision.
Based upon all the credible evidence the court finds that the defendant failed to prove by a fair preponderance of the evidences that plaintiff's operation contributed to and was a substantial factor in producing the collision.
The collision between the left front of the plaintiffs vehicle and right side of defendants vehicle was severe. The impact immobilized both vehicles' at approximately the point of impact. Both vehicles' were towed from the scene and subsequently were declared unrepairable. Plaintiff refused immediate medical treatment and returned to her home in Milford. She did not work on that day; she returned to work the following day and she sought treatment with a chiropractor; she continued in treatment with the chiropractor's office until September 5, 1996. plaintiff's Exhibits C. As a result of the collision she sustained injuries to her cervical thoracic and lumbrosacial spine in the nature of a strain sprain, a mild left shoulder sprain strain and a possible left knee sprain strain. She continued in treatment from June 26 until September 5, 1996 with her condition generally improving. After a hiatus of about four months she resumed treatment because of a flare up of her condition and continued to receive chiropractic treatment until March 27, 1997. Her chiropractic physician indicated that she reached maximum medical improvement on or about April 16. 1997 but was still suffering from a five (5%) percent permanent partial physical impairment to her cervicothoracic spine and a five (5%) percent physical impairment and loss of physical function to her lumbar spine. Plaintiffs Exhibit H.
Plaintiff worked during the period of June 26, 1996 to April 16, 1997 while she was receiving chiropractic care except for approximately five days including the day of the accident. Although plaintiff did not document this lost time, the court finds her testimony credible. During the course of her treatment, plaintiff did not seek medical or orthopedic evaluation and did not incur any cost of prescriptive medicine. Since her release by her chiropractor on April 16, 1997 the plaintiff has not sought medical or chiropractic treatment and has not lost any time from work because of her injuries or disability.
The court concludes that the above described injuries, disability and chiropractic expense incurred were caused by the CT Page 5044 defendant's negligence and are therefore compensable under Connecticut Law. Accordingly Judgment may enter for the plaintiff as follows:
1. Economic Damages $ 2,485.00
2. Loss of Wages $ 625.00
3. Non. Economic Damages $15,000.00
Total economic and non economic damages $18,110.00 together with cost.
Dorsey, J. Judge Trial Referee